Matter of Maria RR. (Shameeka RR.) (2025 NY Slip Op 07252)

Matter of Maria RR. (Shameeka RR.)

2025 NY Slip Op 07252

Decided on December 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 24, 2025

CV-24-0215
[*1]In the Matter of Maria RR., Alleged to be a Neglected Child. Albany County Department for Children, Youth and FAMILIES, Respondent; Shameeka RR., Appellant.

Calendar Date:November 18, 2025

Before:Reynolds Fitzgerald, J.P., Ceresia, Fisher and McShan, JJ.

Amanda FiggsGanter, Albany, for appellant.
Jeffery Jamison, County Attorney, Albany (Daniel C. McGinn of counsel), for respondent.
Tracey A. Brown, Delmar, attorney for the child.

McShan, J.
Appeal from an order of the Family Court of Albany County (Jill Kehn, J.), entered December 20, 2023, which, in a proceeding pursuant to Family Ct Act article 10, temporarily removed the subject child from respondent's custody.
Respondent (hereinafter the mother) is the mother of the subject child (born in 2023). Upon birth, the subject child required an extended stay in the neonatal intensive care unit (hereinafter NICU) to allow for necessary medical treatment. During the child's stay at the hospital, the mother exhibited erratic and aggressive behaviors toward hospital staff and petitioner's caseworkers prompting an emergency removal of the subject child pursuant to Family Ct Act § 1024. Petitioner subsequently filed a neglect petition, alleging that the mother had neglected the subject child due to the mother's failure to understand and respond to the subject child's medical needs. The petition further alleged derivative neglect based upon the mother's history with Child Protective Services concerning her other five children, none of whom are currently in her custody due to findings of abuse and neglect and concerns regarding the mother's inability to manage her mental health. Family Court conducted a three-day Family Ct Act § 1027 removal hearing and, in a subsequent order, continued the temporary removal of the child from the mother's custody. The mother appeals.[FN1]
We affirm. Following the temporary removal of a child without a court order, Family Court must conduct a hearing to resolve "whether the child's interests require protection, including whether the child should be returned to the parent or other person legally responsible, pending a final order of disposition" (Family Ct Act § 1027 [a] [i]). In making that determination, Family Court "must engage in a balancing test of the imminent risk with the best interests of the child and, where appropriate, the reasonable efforts made to avoid removal or continuing removal" (Nicholson v Scoppetta, 3 NY3d 357, 380 [2004]; accord Matter of Ayanna O. [Amanda M.], 233 AD3d 1418, 1420 [3d Dept 2024]; see Family Ct Act § 1027 [b]; Matter of Lily A. [Tenise ZZ.], 227 AD3d 1205, 1206 [3d Dept 2024]; Matter of Isayah R. [Shaye R.], 149 AD3d 1223, 1224 [3d Dept 2017]). "On appeal, we defer to Family Court's factual and credibility determinations, and its decision to direct the removal or continued removal of [a child] will be upheld if it is supported by a sound and substantial basis in the record" (Matter of Ayanna O. [Amanda M.], 233 AD3d at 1420; see Matter of Tyler Y. [Katrina Y.], 202 AD3d 1327, 1329 [3d Dept 2022]; Matter of Renezmae X. [Kimberly X.], 161 AD3d 1247, 1248 [3d Dept 2018], lv dismissed 31 NY3d 1140 [2018]).
The evidence at the Family Ct Act § 1027 removal hearing established that the child was born with medical issues that required the child to be admitted to the NICU. Reports from hospital staff contained in the mother's medical records indicated that, shortly after the child's birth[*2], the mother began exhibiting aggressive and threatening behavior toward hospital staff. Hospital staff indicated that, at one point, the mother had threatened to take the child from the hospital, which prompted a lockdown of the NICU. The reports from the hospital further indicated that the mother was combative with hospital staff regarding the child's care and had repeatedly refused to follow hospital security protocols. The mother's behavior prompted hospital staff to contact petitioner, which was how petitioner first learned that the mother was pregnant and had given birth. Consistent with the mother's demeanor in those reports, petitioner offered a letter from the mother's therapist, who indicated that the mother's personality disorder rendered her extremely distrustful of others, which would impact her ability to parent.
Petitioner also presented evidence that, upon responding to the hospital, caseworkers attempted to engage the mother to discuss available resources with her. Those efforts were rebuffed by the mother, who refused to answer questions or otherwise engage with caseworkers. Petitioner also provided evidence that the mother had been offered services in connection with the removals of her other children, including mental health counseling and domestic violence counseling, and the mother had failed to meaningfully engage in those programs. Further, petitioner offered testimony from its caseworker, as well as a service provider, indicating that the mother often exhibited aggressive behavior during supervised visits with her other children. All told, petitioner's caseworker testified that the mother's history of recalcitrance was suggestive that she would not comply with any future directives. In our view, the foregoing sufficiently establishes that Family Court's determination that "keeping the child in petitioner's temporary custody was necessary to avoid imminent risk to [the child's] life or health at the time that the order was entered . . . is supported by a sound and substantial basis in the record" (Matter of Renezmae X. [Kimberly X.], 161 AD3d at 1248; see Matter of Ayanna O. [Amanda M.], 233 AD3d at 1421; Matter of Lily A. [Tenise ZZ.], 227 AD3d at 1207; Matter of Tyler Y. [Katrina Y.], 202 AD3d at 1333).
Reynolds Fitzgerald, J.P., Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The attorney for the child supported the continuing removal of the child at the hearing and maintains that position on appeal.